# EXHIBIT B

Filed 21-CI-00012 07/15/2021 Tabitha Tilton, Robertson Circuit Clerk

COMMONWEALTH OF KENTUCKY
ROBERTSON CIRCUIT COURT
CIVIL ACTION NO. _____
*Electronically Filed*

HELEN ISAAC            PLAINTIFF

vs.            **COMPLAINT**

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY            DEFENDANT

**To be served through:**
CT Corporation System
306 West Main Street
Suite 512
Frankfort, KY 40601

\*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Comes the Plaintiff, Helen Isaac, and for her Complaint against Defendant Hartford Life and Accident Insurance Company, states as follows:

1. Plaintiff Helen Isaac is a citizen and resident of Robertson County, Kentucky.

2. Defendant Hartford Life and Accident Insurance Company ("Hartford") is an insurance company believed to be domiciled in the state of Connecticut, where it is a citizen and resident, with a statutory home office located at One Hartford Plaza, Hartford, Connecticut, 06155.

3. Hartford is authorized to do the business of insurance in Kentucky by holding a Kentucky Certificate of Authority.

4. Hartford's service of process agent is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky 40601, and Hartford may be served upon said service of process agent.

Package:000003 of 000008
Presiding Judge: HON. JAY DELANEY (618318)
Package : 000003 of 000008

5. Jurisdiction and venue are proper in this Court because Defendant transacts business and caused damages in the Commonwealth of Kentucky; Plaintiff resides in, and was caused harm in, Robertson County, Kentucky; and benefits from the subject insurance policies are due to Plaintiff in Robertson County.

6. At the time of the circumstances giving rise to this lawsuit, Plaintiff was an employee of Mitsubishi Electric US, Inc. ("Mitsubishi Electric"), working most recently as a Relief Line Attendant at Mitsubishi Electric's Maysville location.

7. Mitsubishi Electric established and provided a short-term ("STD") and long-term disability ("LTD") welfare benefit plan to employees, which includes Plaintiff.

8. Mitsubishi Electric established and maintained the disability plans in Cypress, California, where it has its principal place of business.

9. The STD plan is funded by an insurance policy with Hartford, policy number GRH-395164.

10. The STD insurance policy was issued and delivered in California.

11. While Plaintiff is a resident of Kentucky, the STD policy insures employees of Mitsubishi Electric who are residents of California.

12. The LTD plan is funded by an insurance policy with Hartford, policy number GLT-395164.

13. The LTD insurance policy was issued and delivered in California.

14. While Plaintiff is a resident of Kentucky, the LTD policy insures employees of Mitsubishi Electric who are residents of California.

15. As an employee of Mitsubishi Electric, Plaintiff was covered and eligible under the STD and LTD insurance policies with Hartford.

16. On or about June 3, 2020, Plaintiff became disabled, as defined by the STD policy and LTD policy.

Package:000004 of 000008
Presiding Judge: HON. JAY DELANEY (618318)
Package : 000004 of 000008

17. The STD policy requires Hartford to pay Plaintiff a percentage of her weekly earnings for 25 weeks, after satisfying the elimination period, if she meets the definition of disability: "Total Disability or Totally Disabled means as a result of Injury or Sickness you are unable to perform with reasonable continuity the Essential Duties necessary to perform your Usual Occupation in the usual or customary way."

18. The LTD policy requires Hartford to pay Plaintiff a percentage of her monthly earnings if, after satisfying a 180-day elimination period, she meets the definition of disability: "Total Disability or Totally Disabled means during the Elimination Period and for the next 24 months, as a result of injury or sickness, You are unable to perform with reasonable continuity the Essential Duties necessary to pursue Your Occupation in the usual or customary Way."

19. Hartford is responsible for payment of any disability benefits due according to the terms and conditions of the STD and LTD insurance policies.

20. Plaintiff, while working for Mitsubishi Electric, became disabled under the terms of the STD and LTD policies, has been unable to return to work as a Relief Line Attendant for Mitsubishi Electric since on or about June 3, 2020, and remains disabled under the terms of the policies.

21. Plaintiff timely and properly submitted a claim to Defendant for STD benefits, consistent with the terms of the STD policy. Plaintiff's STD claim number is believed to be 9004877213.

22. Defendant initially approved Plaintiff's claim for STD benefits and paid benefits to Plaintiff through August 2, 2020.

23. By letter dated November 9, 2020, Defendant terminated Plaintiff's STD benefits, retroactive to August 2, 2020.

24. On or about March 22, 2021, Plaintiff timely and properly appealed the denial of her STD benefits, in the manner set forth in the applicable policy.

25. In her appeal, Plaintiff submitted additional medical documentation, including reports from her treating physicians, supporting her ongoing disability.

26. By letters dated January 8, 2021, February 16, 2021, March 22, 2021, May 6, 2021, and June 11, 2021, Plaintiff timely reported and made a claim for LTD benefits with Hartford.

27. By letter dated June 24, 2021, Defendant upheld the denial of Plaintiff's claim for STD benefits.

28. The June 24, 2021, letter stated, "our claim decision is now final as administrative remedies available under the Policy have been exhausted."

29. Hartford has neither processed nor made any decision with respect to Plaintiff's claim for LTD benefits, despite Plaintiff's repeated requests that Hartford process and approve her claim for LTD benefits.

30. Plaintiff is entitled to payment of STD and LTD benefits, as Plaintiff meets the definitions of "disability" under the terms of the applicable policies, and Defendant should be required to perform under its contracts and pay benefits to Plaintiff.

31. The STD and LTD insurance is an employee benefit governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*

32. Plaintiff has timely and properly exhausted any required administrative remedies and appeals under the STD policy.

33. Hartford has failed to process and administer Plaintiff's claim for LTD benefits, and Plaintiff is entitled to pursue a civil action based on Hartford's failure.

### COUNT I – Claim for STD Benefits

34. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

35. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of STD benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

36. Defendant's decision to terminate benefits, and its refusal to reinstate benefits after receiving additional evidence on appeal, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

37. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claims should be reviewed de novo.

38. There is insufficient language in the applicable benefit plan documents to confer discretionary authority to Defendant, and even if such language were present, it would be void by operation of Cal. Ins. Code § 10110.6.

39. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

## COUNT II – Claim for LTD Benefits

40. Plaintiff incorporates by reference all of the preceding paragraphs as if fully stated herein.

41. This count is brought under ERISA pursuant 29 U.S.C. § 1132(a)(1)(B) as a result of Defendant's improper denial of LTD benefits under the applicable plan(s) and to recover benefits under the terms of the plan(s).

42. Defendant's decision to refuse to process Plaintiff's claim for benefits, and its refusal to approve benefits after receiving additional evidence, were wrong, arbitrary and capricious, against the evidence provided to Defendant, and a breach of fiduciary duty, all of which

entitles Plaintiff to benefits under the terms of the plan, interest, and attorney's fees under 29 U.S.C. § 1132(a)(1)(B) and (g).

43. Defendant's internal review is not subject to abuse of discretion review, and Plaintiff's claims should be reviewed de novo.

44. There is insufficient language in the applicable benefit plan documents to confer discretionary authority to Defendant, and even if such language were present, it would be void by operation of Cal. Ins. Code § 10110.6 and/or Defendant's failure to process and administer Plaintiff's claim.

45. The damages sought for the aforesaid injuries are in excess of the jurisdictional limits of this Court.

WHEREFORE, Plaintiff demands the following relief:

Judgment against Defendant for full contractual STD and LTD benefits under 29 U.S.C. § 1132(a)(1)(B) and attorney's fees, costs, and interest under 29 U.S.C. § 1132(g) pursuant to ERISA.

Respectfully submitted:

/s/ Philip G. Fairbanks
PHILIP G. FAIRBANKS
Email: pgf@austinmehr.com
ELIZABETH A. THORNSBURY
Email: elizabeth@austinmehr.com
**Mehr, Fairbanks & Peterson**
**Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
Telephone: (859) 225-3731
Facsimile: (859) 225-3830
*Counsel for Plaintiff*